FILED

DEC 29 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

JOHN PAUL BROWN,
Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
TRANS UNION, LLC;
IQ DATA INTERNATIONAL, INC.;
SC WATERFORD TRAILS LLC d/b/a WATERFORD TRAILS TX;
MIDLAND CREDIT MANAGEMENT, INC.;
I.C. SYSTEM, INC.,
Defendants.

CIVIL ACTION NO. _____ 1:25CV02168 RP

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DISCOVERY OF SKIP
TRACING ACTIVITIES

JURY TRIAL DEMANDED

I. PRELIMINARY STATEMENT

This action arises from a multi year campaign of credit reporting abuses, unlawful debt
collection, and privacy violations committed by the nation's three largest credit reporting
agencies and four debt collectors and furnishers against Plaintiff John Paul Brown. Despite
clear evidence that key tradelines were based on dismissed eviction proceedings, identity
theft, and unverifiable debts, Defendants systematically reported, re verified, and
weaponized false information against Plaintiff for years, causing multiple credit denials,
housing instability, and severe emotional distress.

Critical to this case is the pattern of unauthorized skip tracing and account review inquiries
that continued even after Plaintiff placed fraud alerts and security freezes on his files
evidence that Defendants knowingly permitted unauthorized access to his consumer reports
for collection purposes in violation of the Fair Credit Reporting Act, and engaged in deceptive
practices under the Fair Debt Collection Practices Act.

II. JURISDICTION AND VENUE

This Court has federal question jurisdiction under 28 U.S.C. Section 1331 because this
action arises under federal statutes, specifically the Fair Credit Reporting Act and Fair Debt
Collection Practices Act.

This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C.
Section 1367.

Venue is proper in this District under 28 U.S.C. Section 1391(b) because Plaintiff resides in Austin, Travis County, Texas, within this District; a substantial part of the events or omissions giving rise to these claims occurred in this District; and all Defendants transact business in Texas and received Plaintiff's disputes and notices in this District.

III. PARTIES

Plaintiff John Paul Brown is a natural person residing at 2405 Montopolis Drive, Apartment 3210, Austin, Travis County, Texas 78741. He is a consumer as defined by 15 U.S.C. Sections 1681a(c) and 1692a(3).

Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. Section 1681a(f) with its principal place of business at P.O. Box 740256, Atlanta, Georgia 30374 0256.

Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. Section 1681a(f) with its principal place of business at P.O. Box 2104, Allen, Texas 75013.

Defendant Trans Union, LLC is a consumer reporting agency as defined by 15 U.S.C. Section 1681a(f) with its principal place of business at P.O. Box 2000, Chester, Pennsylvania 19022 2000.

Defendant IQ Data International, Inc. is a Washington corporation engaged in debt collection and is a debt collector under 15 U.S.C. Section 1692a(6) and a furnisher under 15 U.S.C. Section 1681s 2. Its address is P.O. Box 39, Bothell, Washington 98041.

Defendant SC Waterford Trails LLC doing business as Waterford Trails TX is a landlord and original creditor of an alleged rental debt related to Plaintiff's former residence at 21201 Emerald Mist Parkway Number 836, Spring, Texas 77379.

Defendant Midland Credit Management, Inc. is a national debt buyer and furnisher, and a debt collector under 15 U.S.C. Section 1692a(6).

Defendant I.C. System, Inc. is a national debt collector and furnisher, and a debt collector under 15 U.S.C. Section 1692a(6).

IV. FACTUAL ALLEGATIONS

A. The Fraudulent IQ Data Waterford Trails Collection

In 2021, Plaintiff was a tenant at Waterford Trails Apartments in Spring, Texas. An eviction and collection case was filed against Plaintiff in Harris County Justice Court, Cause Number 214100005123. The case was dismissed on February 10, 2021, with no judgment for rent, fees, or damages entered against Plaintiff. See Exhibit A.

Despite the dismissal, Waterford Trails claimed Plaintiff owed final move out charges and placed or sold the account to IQ Data for collection.

IQ Data began reporting a collection tradeline for Waterford Trails TX on all three credit reporting agencies reports in or about March 2021, listing an original balance of 1,865 dollars and later inflating it to over 2,300 dollars, with status Collection and Charge Off. See Exhibit B.

From 2021 through 2025, Plaintiff submitted multiple written disputes to IQ Data and all three credit reporting agencies, including formal Consumer Financial Protection Bureau complaints, detailing that the debt was based on a dismissed eviction, identity theft, and fraud. See Exhibits D1 through D6.

In an April 18, 2025 letter to the Consumer Financial Protection Bureau, IQ Data admitted the debt was time barred but stated it would still accept payment. It provided no signed lease, itemized damages, or proof Plaintiff owed the debt. See Exhibit D4.

Despite these disputes, all three credit reporting agencies continued reporting the IQ Data tradeline, merely adding consumer disputes notations and closing disputes as verified.

B. Other Disputed and Unverified Accounts

Defendant Midland reported a Capital One Auto Finance account with a balance of 8,206 dollars as Collection and Charge Off. On March 24, 2025, Midland sent Plaintiff a letter stating the account was closed, collections had ceased, the balance was 0.00 dollars, and Plaintiff had no further obligation. See Exhibit L.

Defendant I.C. System reported an AT and T U Verse collection. On February 28, 2025, I.C. System sent a Credit Reporting Removal letter admitting it was unable to verify the account and had requested deletion from the credit reporting agencies. See Exhibit K.

Despite these written admissions from Midland and I.C. System that the accounts were closed or unverifiable, Equifax, Experian, and TransUnion continued reporting them as active, derogatory, and collectible as late as December 2025. See Exhibits E, F, N1 through N4.

C. Systematic Failure to Investigate and Correct

Plaintiff filed Consumer Financial Protection Bureau complaints against Equifax and other credit reporting agencies on December 28, 2024 and January 2, 2025, reporting identity theft and demanding investigation. The credit reporting agencies responded with boilerplate letters claiming items were verified as accurate or not currently reporting, while Plaintiff's live reports showed the opposite. See Exhibits G1 through G5.

On November 28, December 1, and December 19, 2025, Equifax sent dispute completion letters asserting it had followed the law and updated Plaintiff's file yet the IQ Data collection and other disputed items remained. See Exhibits N1 through N4.

D. Skip Tracing and Unauthorized Access Pattern

Despite Plaintiff placing fraud alerts and a security freeze on his credit files after discovering identity theft indicators, TransUnion and other credit reporting agencies show numerous account review, collection, and skip tracing inquiries from IQ Data, data brokers, landlords, and lenders. See Exhibit M, Access Log.

These inquiries occurred on the same days as credit applications and continued after Plaintiff's disputes and fraud alerts, indicating Defendants permitted furnishers and collectors to access Plaintiff's file for impermissible purposes under 15 U.S.C. Section 1681b.

E. Concrete Harm and Damages

On February 18, 2025, Global Lending Services issued an adverse action notice denying Plaintiff's auto finance application based on credit reports from Equifax, Experian, and others. See Exhibit H.

Plaintiff was denied vehicle financing by multiple lenders in 2024, with denial letters citing serious delinquency and collections. See Exhibits I1 through I3.

Plaintiff has been denied or deterred from housing opportunities due to the false collections, contributing to instability and periods of homelessness risk. See Exhibit J.

Plaintiff's FICO scores have remained in subprime ranges for years due to Defendants' false reporting.

Plaintiff suffered severe emotional distress, including anxiety, humiliation, sleeplessness, and fear for his family's financial security.

V. CAUSES OF ACTION

COUNT I - FAIR CREDIT REPORTING ACT VIOLATION: FAILURE TO ASSURE ACCURACY

Against Equifax, Experian, and TransUnion

Plaintiff incorporates paragraphs 1 through 31.
The credit reporting agency Defendants failed to follow reasonable procedures to assure maximum possible accuracy by continuing to report the IQ Data Waterford collection after eviction dismissal and identity theft notices; reporting Midland and I.C. System accounts contrary to their own closed or removed letters; permitting unauthorized skip tracing and account review inquiries; and failing to detect and block fraudulent inquiry patterns.

These violations were willful and or reckless under 15 U.S.C. Sections 1681n and 1681o.

COUNT II - FAIR CREDIT REPORTING ACT VIOLATION: FAILURE TO REINVESTIGATE

Against Equifax, Experian, and TransUnion

Plaintiff incorporates paragraphs 1 through 34.

After receiving Plaintiff's disputes, Consumer Financial Protection Bureau complaints, and identity theft notices, the credit reporting agency Defendants failed to conduct reasonable reinvestigations and failed to delete or correct information that was inaccurate, incomplete, or unverifiable.

Their November and December 2025 investigations that reaffirmed false information demonstrate willful violations.

COUNT III - FAIR CREDIT REPORTING ACT VIOLATION: IMPERMISSIBLE FURNISHING AND ACCESS

Against All Defendants

Plaintiff incorporates paragraphs 1 through 37.

After learning Plaintiff's file was subject to fraud alerts and security freezes, Defendants continued to furnish Plaintiff's reports for collection, skip tracing, and data mining; permit repeated same day auto finance and account review inquiries; and report information without a valid permissible purpose under 15 U.S.C. Section 1681b.
This conduct violated 15 U.S.C. Sections 1681b(a) and 1681b(f).

COUNT IV - FAIR CREDIT REPORTING ACT VIOLATION: FURNISHER DUTIES

Against IQ Data, Waterford Trails, Midland, and I.C. System

Plaintiff incorporates paragraphs 1 through 40.

These Defendants furnished information they knew or should have known was inaccurate and failed to reasonably investigate, correct, or delete it after notice from credit reporting agencies and Plaintiff.

COUNT V - FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS

Against IQ Data, Midland, and I.C. System

Plaintiff incorporates paragraphs 1 through 42.

These Defendants violated the Fair Debt Collection Practices Act by misrepresenting the character, amount, and legal status of debts; attempting to collect on void, time barred, and identity theft debts; continuing collection after failing to validate; using unfair means by leveraging false credit reporting as coercion; and permitting skip tracing pulls to pressure payment on disputed debts.

## VI. DISCOVERY DEMAND FOR SKIP TRACING EVIDENCE

Plaintiff demands full discovery regarding all skip tracing, account review, and collection inquiries on his consumer reports from 2021 to present, including all access logs showing dates, entities, and purposes of pulls; all communications between Defendants regarding Plaintiff's file; all internal policies permitting furnishers to access files for collection purposes; and all evidence of permissible purpose verification for each inquiry.

## VII. RELIEF REQUESTED

WHEREFORE, Plaintiff John Paul Brown respectfully requests that this Court enter judgment in his favor and against Defendants, jointly and severally, awarding:

A. Actual damages of not less than 250,000 dollars for credit denials, housing loss, emotional distress, and economic harm;

B. Statutory damages under the Fair Credit Reporting Act of 1,000 dollars per willful violation per credit reporting agency Defendant;

C. Statutory damages under the Fair Debt Collection Practices Act of 1,000 dollars per debt collector Defendant;

D. Punitive damages of 500,000 to 750,000 dollars for willful, reckless conduct;

E. Injunctive relief requiring immediate deletion of all disputed tradelines; correction of Plaintiff's credit files; provision of 24 month credit monitoring; and cessation of all skip tracing and unauthorized access;

F. Attorney's fees, costs, and pre and post judgment interest;

G. Full discovery regarding skip tracing activities; and

H. Any other relief the Court deems just.

## VIII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED,


John Paul Brown
Plaintiff, Pro Se
2405 Montopolis Drive, Apartment 3210
Austin, Texas 78741
512 745 0749
jbvip.logistics@myyahoo.com

CERTIFICATE OF SERVICE

I, John Paul Brown, certify that on December 23, 2025, I served this Complaint on all
Defendants via certified mail to their registered agents and principal places of business.

John Paul Brown

DATE: December 23, 2025