**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOHN PAUL BROWN,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **CASE NO. 1:25-CV-02168-RP-ML** |
| | § | |
| **EQUIFAX INFORMATION SERVICES,** | § | |
| **LLC; EXPERIAN INFORMATION** | § | |
| **SOLUTIONS, INC.; TRANS UNION,** | § | |
| **LLC; IQ DATA INTERNATIONAL,** | § | |
| **INC.; SC WATERFORD TRAILS LLC** | § | |
| **d/b/a WATERFORD TRAILS TX;** | § | |
| **MIDLAND CREDIT MANAGEMENT,** | § | |
| **INC.; I.C. SYSTEM, INC.,** | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.' S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Midland Credit Management, Inc. ("Midland") moves to dismiss the Complaint filed on December 29, 2025 ("Complaint") by Plaintiff John Paul Brown ("Plaintiff"), for failure to state a plausible claim for relief. For the reasons discussed below, the Court should dismiss the Complaint as to Midland.

## I.    INTRODUCTION AND BACKGROUND FACTS

Plaintiff filed this lawsuit against Midland and several other defendants, including three credit reporting agencies—Equifax Information Services, LLC; Experian Information Solutions, Inc.; and Trans Union, LLC—along with IQ Data International, Inc.; SC Waterford Trails LLC d/b/a Waterford Trails TX; and I.C. System, Inc. *See* Docket No. 1. Plaintiff's Complaint asserts claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. and the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., arising from alleged credit reporting inaccuracies and debt collection practices.

As to Midland specifically, the factual allegations in the Complaint are remarkably sparse. Plaintiff alleges only that Midland "reported a Capital One Auto Finance account with a balance of 8,206 dollars as Collection and Charge Off" and that "[o]n March 24, 2025, Midland sent Plaintiff a letter stating the account was closed, collections had ceased, the balance was 0.00 dollars, and Plaintiff had no further obligation."  *See* Docket No. 1, page 3.  Plaintiff further alleges in conclusory fashion that credit reporting agencies "continued reporting" the Midland account "as active, derogatory, and collectible as late as December 2025." *Id*.

Plaintiff asserts five causes of action against multiple defendants, largely lumping all defendants together without distinguishing the conduct of each.  *Id*. at pages 4-6.  Of the five counts, Midland is named in Count IV (FCRA Violation: Furnisher Duties), Count V (FDCPA Violations), and Count III (FCRA Violation: Impermissible Furnishing and Access).   In none of these counts, does Plaintiff identify specific statutory provisions allegedly violated by Midland, nor does Plaintiff plead any facts specific to Midland that would support a plausible claim for relief.

Plaintiff's claims against Midland fail to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) and the plausibility standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  The Complaint is replete with conclusory allegations, group pleading, and vague references to statutory schemes without identifying specific provisions that Midland allegedly violated.  Accordingly, the Complaint should be dismissed as to Midland.

## II.     APPLICABLE LEGAL STANDARD

Pursuant to Rule 12(b)(6), the Court should dismiss outright a complaint that fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In deciding a motion to dismiss, a court accepts all well-pleaded facts as true and views them in the light most favorable to the claimant, but not conclusory allegations or legal conclusions masquerading as facts.  *See Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008).  Such will not suffice to prevent a motion to dismiss.  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). A complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Id.*  (quoting *Twombly*, 550 U.S. at 570).  While not a "probability requirement," the plausibility standard announced in *Twombly* and *Iqbal* requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 557).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  As discussed below, Plaintiff's Complaint fails to meet these standards.

## III.     ARGUMENT AND AUTHORITIES

### A. Plaintiff's Complaint Is a Shotgun Pleading That Fails to Provide Fair Notice Under Rule 8.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Proc. 8.  This

standard exists to provide each defendant with "fair notice" of the claims against it and the grounds upon which those claims rest. Plaintiff's Complaint fails to satisfy this standard.

Pleadings are shotgun pleadings when they "fail to definitively attribute particular conduct to specific defendants, thereby falling short of the federal pleading standard," and are "subject to dismissal under Rule 12(b)(6)." *Bautista v. Cap. One Fin. Corp.*, 2025 U.S. Dist. LEXIS 161834, at *10 (N.D. Tex. July 25, 2025).

Group pleading that lumps all defendants together "largely prevents the Court from discerning which defendants are allegedly responsible for which allegedly unlawful actions," and such "shotgun pleading deficiencies" warrant dismissal. *Cain v. City of New Orleans*, 2016 U.S. Dist. 63527, at *16 (E.D. La. May 13, 2016); *and see Bautista*, 2025 U.S. Dist. LEXIS 161834, at *10-11; *Broussard v. Matthews & Son Funeral Home LLC*, 2025 U.S. Dist. LEXIS 205358, at *11 (W.D. La. Sept. 29, 2025) ("[T]his kind of group pleading has often been held inadequate under Rule 12(b)(6) analyses.").

Here, Plaintiff alleges multiple claims against all defendants without specifying each defendant's role or conduct in the various alleged violations. Plaintiff's causes of action broadly incorporate all preceding paragraphs and refer collectively to "Defendants" or groups of defendants without distinguishing the specific conduct attributable to Midland. For example, Count IV alleges that "IQ Data, Waterford Trails, Midland, and I.C. System" collectively "furnished information they knew or should have known was inaccurate and failed to reasonably investigate, correct, or delete it after notice from credit reporting agencies and Plaintiff." *See* Docket No. 1, page 5. Count V similarly lumps together "IQ Data, Midland, and I.C. System" for alleged FDCPA violations, including "misrepresenting the character, amount, and legal status of debts; attempting to collect on void, time barred, and identity theft debts; continuing collection after failing to validate; using

unfair means by leveraging false credit reporting as coercion; and permitting skip tracing pulls to pressure payment on disputed debts." *Id*. at pages 5-6.

This kind of group pleading has often been held inadequate under Rule 12(b)(6). *See Broussard*, 2025 U.S. Dist. LEXIS 205358, at *11; *Bautista*, 2025 U.S. Dist. LEXIS 161834, at *10-11. As the court found in *Bautista*, allegations that plead liability "against all defendants without specifying each defendant's role or conduct in the various alleged violations" suffer from shotgun pleading deficiencies warranting dismissal. *Bautista*, 2025 U.S. Dist. LEXIS 161834, at *10-11.

Plaintiff's Complaint suffers from this deficiency. The vast majority of factual allegations concern IQ Data and the Waterford Trails collection account, which have nothing to do with Midland. The only factual allegation specific to Midland is that it reported a Capital One Auto Finance account that was subsequently closed. *See* Docket No. 1, page 3. Yet the causes of action lump Midland in with other defendants and attribute identical violations to all, without any facts specific to Midland that would plausibly support the claims. This shotgun approach fails to provide Midland with the fair notice required under Rule 8.

### B. Plaintiff's FCRA Claims Against Midland Fail as a Matter of Law.

#### 1. Count IV—Furnisher Duties Under the FCRA

As a threshold matter, Plaintiff does not identify any specific subsection of the FCRA that Midland allegedly violated in connection with its furnisher duties. The FCRA imposes furnisher obligations under 15 U.S.C. § 1681s-2, which contains distinct subsections with different duties and different enforcement mechanisms. Section 1681s-2(a) imposes a duty to provide accurate information and may be enforced only by government officials—there is no private right of action. *See Gardner v. Credit Corp. Sols., Inc.*, 2024 U.S. Dist. LEXIS 210105, at *11 (N.D. Tex. 2024)

("[Plaintiff's] claims seeking recovery from [Defendants] for providing inaccurate information under 15 U.S.C. § 1681s-2(a) is groundless because there is no private right of action for such relief."). Section 1681s-2(b) addresses the duty to investigate upon notice from a consumer reporting agency. Plaintiff's failure to identify which subsection Midland allegedly violated is fatal to his claim.

Courts consistently hold that the failure to cite specific statutory provisions warrants dismissal. As the court held in *Pillow v. U.S. Bank Nat'l Ass'n*, the "petition fails to identify any specific [Texas Debt Collection Practices Act] provision that Defendant violated," and "[t]his failure alone warrants dismissal." 2018 U.S. Dist. LEXIS 151978, at *20 (N.D. Tex. 2018). Similarly, in *Thomson v. Deutsche Bank Nat'l Tr. Co.*, the court found that where a plaintiff "has not specified the specific subsections allegedly violated . . . his petition fails to go beyond mere labels and conclusions as to those statutory violations. This reason alone is likely sufficient for dismissal." 2013 U.S. Dist. LEXIS 80008, at *10-11 (E.D. Tex. 2013).

Moreover, to the extent Plaintiff purports to assert a claim under § 1681s-2(b), he must plead that (1) he disputed the accuracy or completeness of information with a consumer reporting agency; (2) the agency notified the furnisher of the consumer's dispute; (3) and the furnisher failed to conduct an investigation, correct any inaccuracies, or notify the agency of the results of the investigation. *See Spencer v. Specialized Loan Servicing*, 2021 U.S. Dist. LEXIS 194497, at *15 (N.D. Tex. Sep. 1, 2021). Plaintiff does not identify any facts to support a § 1681s-2(b) claim against Midland. Instead, Plaintiff merely alleges that credit reporting agencies continued reporting the Midland account despite Midland's own letter closing the account. Accordingly, Plaintiff's FCRA allegation against Midland is devoid of the specific factual content necessary to state a plausible claim.

### 2.  Count III—Impermissible Furnishing and Access

Count III broadly alleges that "All Defendants" continued to "furnish Plaintiff's reports for collection, skip tracing, and data mining" and "report information without a valid permissible purpose under 15 U.S.C. Section 1681b." *See* Docket No. 1, page 5.  This count asserts violations of 15 U.S.C. §§ 1681b(a) and 1681b(f).  However, the Complaint contains no factual allegations whatsoever tying Midland to any skip tracing activity, unauthorized access, or permissible purpose violation.  The factual allegations regarding skip tracing and unauthorized access relate exclusively to IQ Data and other entities.  Plaintiff's conclusory assertion that "All Defendants" engaged in this conduct, without any facts specific to Midland, fails to state a plausible claim.  *See Iqbal*, 556 U.S. at 678.

### C.  Plaintiff's FDCPA Claim Against Midland Fails as a Matter of Law.

Count V alleges that "IQ Data, Midland, and I.C. System" violated the FDCPA by "misrepresenting the character, amount, and legal status of debts; attempting to collect on void, time barred, and identity theft debts; continuing collection after failing to validate; using unfair means by leveraging false credit reporting as coercion; and permitting skip tracing pulls to pressure payment on disputed debts."  *See* Docket No. 3, page 6.

Plaintiff's FDCPA claim against Midland fails for the threshold reason that Plaintiff does not cite any specific section of the FDCPA that Midland allegedly violated.  The FDCPA contains numerous distinct prohibitions—each addressing different categories of conduct with different elements.  Plaintiff merely alleges that Midland violated the FDCPA "generally" through a laundry list of conclusory accusations without tying any specific FDCPA provision to any specific conduct by Midland.

Courts hold that such vague pleading is plainly insufficient. As the court explained in *Cox v. HOVG, LLC*:

> [T]o the extent that Plaintiff alleges Defendant violated the FDCPA, Plaintiff fails to cite specific sections that were violated by Defendant's alleged conduct. Instead, Plaintiff merely alleges that Defendant's actions violated the entire FDCPA 'generally' . . . . These allegations fall woefully short of providing Defendant fair notice of Plaintiff's claims under the FDCPA and the grounds upon which they rest. ***Plaintiffs must cite to specific sections of the statutes under which they are seeking relief in order to adequately state a claim for relief under Federal Rule of Civil Procedure 8(a)(2)***.

2015 U.S. Dist. LEXIS 87788, at \*2-3 (M.D. Fla. 2015) (emphasis added).

Furthermore, the factual allegations in the Complaint do not support a plausible FDCPA claim against Midland. The only fact alleged about Midland is that it reported a Capital One Auto Finance account and subsequently sent Plaintiff a letter confirming the account was closed with a zero balance and no further obligation. *See* Docket No. 1, page 3. There is no allegation that Midland continued collection efforts after that letter, misrepresented the debt, failed to timely validate the debt, or engaged in any harassing or deceptive conduct. The conclusory accusations in Count V simply do not state a plausible FDCPA claim against Midland.

## IV.    CONCLUSION

For the reasons set forth herein, Plaintiff has failed to state any claim for relief against Midland upon which relief may be granted. The Complaint fails to provide Midland with fair notice of the claims against it as required by Rule 8(a)(2), fails to identify specific statutory provisions Midland allegedly violated, and fails to plead facts that plausibly support any cause of action against Midland. Accordingly, Midland respectfully requests that the Court dismiss Plaintiff's claims against it.

Respectfully submitted,

By: /s/Aimee G. Szygenda
    **GREGG D. STEVENS**
    State Bar No. 19182500
    gstevens@hinshawlaw.com
    **AIMEE G. SZYGENDA**
    State Bar No. 24027054
    aszygenda@hinshawlaw.com
    **HINSHAW &CULBERTSON LLP**
    1717 Main Street, Suite 3625
    Dallas, Texas 75201
    Telephone: 945-229-6390
    Facsimile: 312-704-3001

    ***ATTORNEYS FOR MIDLAND CREDIT MANAGEMENT, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2026, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all parties, by and through their attorneys of record, in accordance with Federal Rules of Civil Procedure.

/s/Aimee G. Szygenda
**AIMEE G. SZYGENDA**