Plaintiff's Response to Midland Credit Management Inc Motion to Dismiss

FILED

2026 APR -6 PM 3: 22

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

John Paul Brown
Plaintiff

v

Equifax Information Services LLC
Experian Information Solutions Inc
Trans Union LLC
IQ Data International Inc
SC Waterford Trails LLC doing business as Waterford Trails TX
Midland Credit Management Inc
I C System Inc
Defendants

Case No 1:25 CV 02168 RP ML

Plaintiff's Response

Plaintiff John Paul Brown files this response in opposition to Defendant Midland Credit Management Inc Motion to Dismiss and respectfully shows the Court as follows.

Introduction

Midland argues that the Complaint should be dismissed because it allegedly contains sparse facts, group pleading, and does not identify specific statutory provisions. Midland also argues that Plaintiff failed to plead facts showing Midland's conduct under the Fair Credit Reporting Act and the Fair Debt Collection Practices Act.

Dismissal is not warranted. The Complaint identifies Midland by name, identifies the specific account, identifies the inaccurate reporting, identifies Midland's own closing letter stating the balance was zero and that no further obligation existed, and alleges that the account continued to be reported in derogatory form after that point.

At the pleading stage, those facts are sufficient to place Midland on fair notice of the claims and the grounds on which they rest. Midland's motion confirms that it understood exactly which account and which conduct are at issue because its motion quotes the same Midland letter and the same reporting allegations that form the basis of the claims.

Claims Against Midland

Plaintiff alleges that Midland reported a Capital One account as derogatory and collectible and later sent a written letter stating that the account was closed, collections had ceased,

the balance was zero, and Plaintiff had no further obligation.

Plaintiff further alleges that despite that representation, the account and related derogatory information continued to appear in consumer reporting channels as active, derogatory, and collectible after Midland had already represented that the account was closed.

Those facts support claims that Midland furnished inaccurate information, failed to correct or delete inaccurate information after dispute, misrepresented the character, amount, or legal status of the alleged debt, and participated in collection related conduct tied to inaccurate credit reporting.

Response to Midland's Arguments

Midland argues that the Complaint does not provide fair notice. That is incorrect because the Complaint identifies Midland by name, identifies the Capital One account, identifies the reporting status, identifies the March 24 2025 letter, and identifies the contradiction between Midland's zero balance letter and the continuing derogatory reporting.

Midland argues that the Complaint does not identify specific statutory provisions. If the Court finds that more specificity would be useful, the proper remedy is leave to amend rather than dismissal with prejudice, especially where Plaintiff is proceeding without counsel and Midland plainly has notice of the factual basis of the claims.

Midland argues that no facts tie it to actionable conduct. That is also incorrect because Midland's own motion acknowledges that Plaintiff alleged Midland reported the account and later admitted in writing that the account was closed with no further obligation. Those facts allow a reasonable inference that continued derogatory reporting after that point was inaccurate, misleading, or unreasonably investigated.

Midland also argues there is no plausible FDCPA claim because it later sent a zero balance letter. That letter does not defeat the claims. It strengthens them because it shows Midland recognized that no further obligation existed while derogatory reporting tied to the same account allegedly remained in circulation.

Demands and Requested Relief

Plaintiff requests that the Court deny Midland's Motion to Dismiss.

Plaintiff requests, in the alternative, that if the Court finds any part of the Complaint insufficiently specific, Plaintiff be granted leave to amend so that the claims against Midland may be stated with additional detail, including more specific statutory references and factual allegations tied to Midland.

Plaintiff further requests that Midland be required to answer the Complaint and that this action proceed to discovery so that Plaintiff may obtain Midland's furnishing records, dispute records, account history, communications, and internal investigation materials regarding the disputed account.

Plaintiff also seeks all damages, costs, fees where recoverable, declaratory and injunctive relief where available, deletion and correction of inaccurate information, and any other relief the Court deems just and proper.

Prayer

For these reasons, Plaintiff respectfully requests that Midland Credit Management Inc Motion to Dismiss be denied in its entirety. In the alternative, Plaintiff requests leave to amend. Plaintiff further requests all additional relief to which he may be entitled.

Respectfully submitted

John Paul Brown