IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JOHN PAUL BROWN,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CASE NO. 1:25-CV-02168-RP-ML** |
| | § | |
| **EQUIFAX INFORMATION SERVICES,** | § | |
| **LLC; EXPERIAN INFORMATION** | § | |
| **SOLUTIONS, INC.; TRANS UNION,** | § | |
| **LLC; IQ DATA INTERNATIONAL,** | § | |
| **INC.; SC WATERFORD TRAILS LLC** | § | |
| **d/b/a WATERFORD TRAILS TX;** | § | |
| **MIDLAND CREDIT MANAGEMENT,** | § | |
| **INC.; I.C. SYSTEM, INC.,** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Midland Credit Management, Inc. ("Midland") respectfully submits this Reply in further support of its Motion to Dismiss (Docket No. 8), and in response to Plaintiff John Paul Brown's ("Plaintiff") Response (Docket No. 11).

## I. Introduction

Plaintiff's Response fails to demonstrate that the Complaint is free of the fundamental pleading defects identified in Midland's Motion.  Although Plaintiff restates certain factual allegations from the Complaint, he does not—and cannot—identify the specific statutory provisions Midland allegedly violated, articulate any factual basis supporting the required elements of his FCRA or FDCPA claims against Midland, or explain how his group-pleading approach satisfies the plausibility standard under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Plaintiff's Response amounts to a restatement

of his Complaint's conclusory allegations, and the Court should dismiss Plaintiff's claims against Midland.

## II. <u>Argument</u>

Plaintiff's Response does not dispute that the Complaint is a shotgun pleading that lumps all defendants together and attributes identical violations to each without distinguishing their specific conduct.  Plaintiff argues that merely identifying Midland by name and referencing the Capital One account provides "fair notice," but identifying a defendant is not the same as pleading facts showing that defendant's specific liability.  *See Iqbal*, 556 U.S. at 678.

Plaintiff's Response also effectively concedes that the Complaint fails to cite the specific statutory subsections Midland allegedly violated, asking instead for leave to amend. Courts hold that this failure alone warrants dismissal.  *See e.g. Pillow v. U.S. Bank Nat'l Ass'n*, 2018 U.S. Dist. LEXIS 151978, at *20 (N.D. Tex. 2018).

As to the FCRA claims, Plaintiff's Response fails to show that the Complaint properly pleads a furnisher claim against Midland.  The Complaint does not specify whether Plaintiff's claim arises under § 1681s-2(a)—for which no private right of action exists—or § 1681s-2(b), and Plaintiff's Response does nothing to demonstrate otherwise.  Even if construed as a § 1681s-2(b) claim, the Complaint wholly fails to allege facts supporting the required elements—namely, that he notified a consumer reporting agency of an inaccuracy as to Midland's reporting, that a consumer reporting agency notified Midland of a dispute and that Midland failed to conduct a reasonable investigation.  *See Spencer v. Specialized Loan Servicing*, 2021 U.S. Dist. LEXIS 194497, at *15 (N.D. Tex. Sep. 1, 2021).  As to Count III, Plaintiff cannot show that the Complaint adequately pleads this claim against Midland, as not a single factual allegation ties Midland to any

skip tracing, unauthorized access, or permissible purpose violation—those allegations appear to relate exclusively to other defendants.

As to the FDCPA claim, Plaintiff contends that Midland's letter confirming a zero balance "strengthens" his claim, but the opposite is true. The Complaint contains no allegation that Midland continued collection efforts, misrepresented the debt, or engaged in any harassing or deceptive conduct after that letter.

Finally, Plaintiff's request for leave to amend should be denied because the Response reveals no additional facts that could cure these deficiencies. *See Scott v. United States Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) ("A court should freely give leave to amend when justice so requires, Fed. R. Civ. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave."); *and see Goldstein v. MCI Worldcom*, 340 F.3d 238, 254-55 (5th Cir. 2003) ("The plaintiffs were certainly aware of the defendants' objections to their complaint as written (because the objections appeared in the defendants' principal motion). Despite this awareness, the plaintiffs did not demonstrate to the court how they would replead scienter more specifically if given the opportunity, did not proffer a proposed second amended complaint to the district court, and did not suggest in their responsive pleading any additional facts not initially pled that could, if necessary, cure the pleading defects raised by the defendants. We cannot, in these circumstances, hold that the district court abused its discretion.").

### III. Conclusion

For the foregoing reasons, and for the reasons stated in Midland's Motion to Dismiss, Plaintiff has failed to state a plausible claim for relief against Midland.  The Complaint's group-pleading approach, failure to identify specific statutory provisions, and absence of factual allegations plausibly supporting any cause of action against Midland are defects that Plaintiff's Response does not remedy.  Midland respectfully requests that the Court grant its Motion and dismiss Plaintiff's claims against Midland in their entirety.

Respectfully submitted,

By:  */s/Aimee G. Szygenda*
GREGG D. STEVENS
State Bar No. 19182500
gstevens@hinshawlaw.com
AIMEE G. SZYGENDA
State Bar No. 24027054
aszygenda@hinshawlaw.com
HINSHAW &CULBERTSON LLP
1717 Main Street, Suite 3625
Dallas, Texas 75201
Telephone: 945-229-6390
Facsimile: 312-704-3001

*ATTORNEYS FOR MIDLAND CREDIT MANAGEMENT, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2026, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all parties, by and through their attorneys of record, in accordance with Federal Rules of Civil Procedure.

*/s/Aimee G. Szygenda*
**AIMEE G. SZYGENDA**